**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 14-CIV-62061-BLOOM/VALLE**

U.S. COMMODITY FUTURES
TRADING COMMISSION,

      Plaintiff,

      v.

JAY BRUCE GROSSMAN

      Defendant.

_____/

**CONSENT ORDER**

**I.    INTRODUCTION**

On September 9, 2014, Plaintiff U.S. Commodity Futures Trading Commission ("Commission" or "CFTC") filed a Complaint against Defendant Jay Bruce ("J.B.") Grossman ("Grossman") seeking injunctive and other equitable relief, as well as the imposition of civil penalties against Grossman for violations of the Commodity Exchange Act (the "Act"), 7 U.S.C. §§ 1 *et seq.* (2012), and Commission Regulations ("Regulations"), 17 C.F.R. §§ 1.1 *et seq.* (2013). ECF No. [1]. The parties have agreed and stipulated to the entry of the following Consent Order. Accordingly, the parties' Joint Motion, **ECF No. [31]**, is **GRANTED**.

**II.    CONSENTS AND AGREEMENTS**

To effect settlement of all charges alleged in the Complaint against Defendant Grossman without a trial on the merits or any further judicial proceedings, Defendant Grossman:

1.    Consents to the entry of this Consent Order ("Consent Order");

2.    Affirms that he has read and agreed to this Consent Order voluntarily, and that no promise, other than as specifically contained herein, or threat, has been made by the Commission

or any member, officer, agent or representative thereof, or by any other person, to induce consent to this Consent Order;

3. Acknowledges service of the summons and Complaint;

4. Admits the jurisdiction of this Court over him and the subject matter of this action pursuant to Section 6c(a) of the Act, 7 U.S.C. § 13a-1(a) (2012);

5. Admits the jurisdiction of the Commission over the conduct and transactions at issue in this action pursuant to Sections 2(c)(2)(D) and 6c of the Act, 7 U.S.C. §§ 2(c)(2)(D) and 13a-1 (2012);

6. Admits that venue properly lies with this Court pursuant to Section 6c(e) of the Act, 7 U.S.C. § 13a-1(e) (2012);

7. Waives:

(a) Any and all claims that he may possess under the Equal Access to Justice Act, 5 U.S.C. § 504 (2012) and 28 U.S.C. § 2412 (2012), and/or the rules promulgated by the Commission in conformity therewith, Part 148 of Commission Regulations, 17 C.F.R. §§ 148.1 *et seq*. (2014), relating to, or arising from, this action;

(b) Any and all claims that he may possess under the Small Business Regulatory Enforcement Fairness Act of 1996, Pub. L. No. 104-121, §§ 201-253, 110 Stat. 847, 857-868 (1996), as amended by Pub. L. No. 110-28, § 8302, 121 Stat. 112, 204-205 (2007), relating to, or arising from, this action;

(c) Any claim of Double Jeopardy based upon the institution of this action or the entry in this action of any order imposing a civil monetary penalty or any other relief, including this Consent Order; and

(d) Any and all rights of appeal from this action;

8. Consents to the continued jurisdiction of this Court over him for the purpose of implementing and enforcing the terms and conditions of this Consent Order and for any other purpose relevant to this action, even if Defendant now or in the future resides outside the jurisdiction of this Court;

9. Agrees that he will not oppose enforcement of this Consent Order by alleging that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure and hereby waives any objection based thereon;

10. Agrees that neither he nor any of his agents or employees under his authority or control shall take any action or make any public statement denying, directly or indirectly, any allegation in the Complaint or in this Consent Order, or creating or tending to create the impression that the Complaint or this Consent Order is without a factual basis; provided, however, that nothing in this provision shall affect his: (a) testimonial obligations, or (b) right to take positions in other proceedings, including Bar proceedings, to which the Commission is not a party. Grossman shall undertake all steps necessary to ensure that all of his agents and employees under his authority or control understand and comply with this agreement;

11. By consenting to the entry of this Consent Order, Grossman neither admits nor denies the allegations of the Complaint and in this Consent Order, except as to jurisdiction and venue, which he admits. Further, Grossman agrees and intends that the allegations contained in the Complaint and contained in this Consent Order shall be taken as true and correct and be given preclusive effect, without further proof, in the course of: (a) any current or subsequent bankruptcy proceeding filed by, on behalf of, or against Grossman; (b) any proceeding pursuant to Section 8a of the Act, 7 U.S.C. § 12a, and/or Part 3 of the Regulations, 17 C.F.R. §§ 3.1 - 3.75 (2014); and/or (c) any proceeding to enforce the terms of this Consent Order. Grossman does not consent to the use of this Consent Order by any other party in any other proceeding;

12. Agrees to provide immediate notice to this Court and the Commission by certified mail, in the manner required by paragraph 29 of Part VII of this Consent Order, of any bankruptcy proceeding filed by, on behalf of, or against him, whether inside or outside the United States; and

13. Agrees that no provision of this Consent Order shall in any way limit or impair the ability of any other person or entity to seek any legal or equitable remedy against him in any other proceeding.

### III.    SUMMARY

#### A.    Parties

14. Plaintiff **U.S. Commodity Futures Trading Commission** is an independent federal regulatory agency charged by Congress with the responsibility for administering and enforcing the provisions of the Act, 7 U.S.C. §§ 1 *et seq.* (2012), and the Regulations promulgated thereunder, 17 C.F.R. §§ 1.1 *et seq.* (2013).

15. Defendant **Jay Bruce Grossman** is licensed to practice law in Florida, New York, and the District of Columbia. He maintains a law practice in Fort Lauderdale, Florida under the law firm name J.B. Grossman, P.A. ("JBGPA"), and he previously practiced law at GrossmanGreenberg, LLC ("GrossmanGreenberg"). Grossman was registered with the CFTC as an associated person of various firms in the 1980s. He has not been registered with the CFTC in any capacity since then.

#### B.    Factual Allegations in the Complaint

16. The Commission's Complaint alleges that Grossman, in his capacity as an attorney, willfully aided and abetted multiple clients in their operation of unlawful precious metals schemes by crafting the illusion that their schemes were legitimate and complied with the law, when in fact none of his clients actually sold physical metals or disbursed loans to customers, as they claimed. These schemes were explicitly made subject to the Commission's prosecutorial authority on July

4

16, 2011, pursuant to the Dodd-Frank Wall Street Reform and Consumer Protection Act of 2010 ("Dodd-Frank"), Public Law 111-203, 124 Stat. 1376 (2010), which granted the CFTC new authority to regulate retail commodity transactions "as if" they were futures contracts.

17. Specifically, the Complaint alleges that Grossman willfully aided and abetted his clients Hunter Wise Commodities, LLC ("HW Commodities"), Hunter Wise Credit, LLC ("HW Credit"), and Hunter Wise Trading, LLC ("HW Trading") (collectively, "Hunter Wise") and AmeriFirst Management LLC ("AmeriFirst"), which held themselves out as metals "clearing firms" for their respective networks of metals "dealers" that solicited the retail public, in engaging in unlawful off-exchange retail commodity transactions and committing fraud in connection with those transactions on and after July 16, 2011, and that he is therefore liable for Hunter Wise's and AmeriFirst's violations of Sections 4(a), 4b, and 6(c)(1) of the Commodity Exchange Act ("Act"), 7 U.S.C. §§ 6(a), 6b, and 9(1) (2012), and Regulation 180.1, 17 C.F.R. § 180.1 (2013), pursuant to Section 13(a) of the Act, 7 U.S.C. § 13c(a) (2012).

18. The Complaint further alleges that Grossman willfully aided and abetted Lloyds Commodities, LLC ("Lloyds Commodities"), Lloyds Commodities Credit Company, LLC ("Lloyds Credit"), and Lloyds Services, LLC ("Lloyds Services") (collectively, "Lloyds"), which acted as an intermediary between Hunter Wise and certain of its metals dealers, in confirming the execution of and conducting business in the United States for the purpose of accepting orders for, or otherwise dealing in, unlawful off-exchange retail commodity transactions on and after July 16, 2011, and that he is therefore liable for Lloyds' violation of Section 4(a) of the Act, 7 U.S.C. § 6(a), pursuant to Section 13(a) of the Act, 7 U.S.C. § 13c(a).

19. Finally, the Complaint alleges that Grossman willfully aided and abetted several Hunter Wise metals dealers that fraudulently solicited the retail public in engaging in unlawful off-exchange retail commodity transactions on and after July 16, 2011, including Secured Precious

5

Metals International, Inc. ("SPMI") and Secured Precious Metals Management, Inc. ("SPMM") (collectively, "Secured Precious Metals") and Joseph Glenn Commodities LLC ("JGC") and JGCF LLC ("JGCF") (collectively, "Joseph Glenn"), and that he is therefore liable for their violations of Section 4(a) of the Act, 7 U.S.C. § 6(a), pursuant to Section 13(a) of the Act, 7 U.S.C. § 13c(a).

### C.     Jurisdiction and Venue

20.     This Court has jurisdiction over this action pursuant to Section 6c(a) of the Act, 7 U.S.C. § 13a-1(a) (2012), which provides that whenever it shall appear to the Commission that any person has engaged, is engaging, or is about to engage in any act or practice constituting a violation of any provision of the Act or any rule, regulation, or order promulgated thereunder, the Commission may bring an action in the proper district of the United States against such person to enjoin such act or practice, or to enforce compliance with the Act, or any rule, regulation or order thereunder.

21.     Venue properly lies with this Court pursuant to Section 6c(e) of the Act, 7 U.S.C. § 13a-1(e), because Grossman transacted business in this District and certain of the acts and practices alleged to be in violation of the Act occurred within this District.

**THE PARTIES AGREE AND IT IS HEREBY ORDERED THAT:**

### IV.     PERMANENT INJUNCTION

22.     Pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1, Defendant Grossman is permanently restrained, enjoined, and prohibited from directly or indirectly engaging in any conduct in violation of Sections 4(a), 4b, and 6(c)(1) of the Act, 7 U.S.C. §§ 6(a), 6b, and 9(1) (2012), and Regulation 180.1, 17 C.F.R. § 180.1 (2014).

## V.   UNDERTAKING

23.     Defendant Grossman agrees that he will not appear or practice before the Commission as an attorney until such time as he has been reinstated by order of the Commission pursuant to 17 C.F.R. § 14.10 (2014). This voluntary undertaking by Grossman and this Consent Order are not a suspension or disbarment from the practice of law by this Court. Grossman does not consent to the use of this Consent Order as the sole basis for any other proceeding brought by the Commission.

## VI.   RESTITUTION AND CIVIL MONETARY PENALTY

### A.   Restitution

24.     Defendant Grossman shall pay restitution in the amount of SEVEN HUNDRED AND THIRTY-THREE THOUSAND DOLLARS ($733,000) ("Restitution Obligation"), plus post-judgment interest. Post-judgment interest shall accrue on the Restitution Obligation beginning ten (10) days after the date of entry of this Consent Order and approval by Judge Kathleen M. Williams of the United States District Court for the Southern District of Florida of the Mediated Settlement and Release Agreement in the action styled *Melanie Damian, as Special Monitor and Equity Receiver for the Estate of Hunter Wise Entities v. Jay Bruce Grossman, et al.*, Case No. 1:14-23475-KMW (the "Receiver Settlement"). Interest shall be determined by using the Treasury Bill rate prevailing on the date of entry of this Consent Order pursuant to 28 U.S.C. § 1961 (2012). The Restitution Obligation shall be reduced by any amount of the $733,000 that is paid by Grossman's insurance carrier to Melanie Damian, Esq., the corporate receiver appointed by the Court in *U.S. Commodity Futures Trading Commission v. Hunter Wise Commodities, LLC*, Case No. 9:12-cv-81311-DMM (S.D. Fla., filed Dec. 5, 2012) ("Hunter Wise Receiver") by electronic funds transfer, U.S. postal money order, certified check, bank cashier's check, or bank money order made payable to Melanie Damian, Esq., Damian & Valori LLP, 1000 Brickell Ave.

7

Ste. 1020, Miami, FL 33131, under a cover letter that identifies Grossman and the name and docket number of this proceeding. Grossman shall simultaneously transmit copies of the cover letter and the form of payment to the Chief Financial Officer, U.S. Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st Street, NW, Washington, D.C. 20581, as well as Stephanie Reinhart and Jennifer Smiley, U.S. Commodity Futures Trading Commission, 525 W. Monroe St., Ste. 1100, Chicago, IL 60661.

25. The Hunter Wise Receiver shall oversee the payment of the Restitution Obligation and shall have the discretion to determine and recommend to the Court the amount payable to each recipient and an equitable manner of distribution. Because the Hunter Wise Receiver is acting as an officer of the Court in performing these services, the Hunter Wise Receiver shall not be liable for any action or inaction, other than actions involving fraud.

B.   **Civil Monetary Penalty**

26. Defendant Grossman shall pay a civil monetary penalty in the amount of ONE HUNDRED AND FIFTY THOUSAND DOLLARS ($150,000) ("CMP Obligation"), plus post-judgment interest. Post-judgment interest shall accrue on the CMP Obligation beginning on the date of entry of this Consent Order and shall be determined by using the Treasury Bill rate prevailing on the date of entry of this Consent Order pursuant to 28 U.S.C. § 1961.

27. The CMP Obligation shall be payable by electronic funds transfer, U.S. postal money order, certified check, bank cashier's check, or bank money order. The CFTC shall not reject payments that are less than the full amount of the CMP and shall apply them to principal and interest as they are received. If payment is to be made other than by electronic funds transfer, then the payment shall be made payable to the Commodity Futures Trading Commission and sent to the address below:

>Commodity Futures Trading Commission
>Division of Enforcement
>ATTN:  Accounts Receivables
>DOT/FAA/MMAC/AMZ-341
>CFTC/CPSC/SEC
>6500 S. MacArthur Blvd.
>Oklahoma City, OK  73169
>(405) 954-7262 telephone
>(405) 954-1620 facsimile
>Nikki.gibson@faa.gov

If payment by electronic funds transfer is chosen, Grossman shall contact Nikki Gibson or her successor at the address above to receive payment instructions and shall fully comply with those instructions.  Grossman shall accompany payment of the CMP Obligation with a cover letter that identifies Grossman and the name and docket number of this proceeding.  Grossman shall simultaneously transmit copies of the cover letter and the form of payment to the Chief Financial Officer, Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st Street, NW, Washington, D.C. 20581, and to Stephanie Reinhart and Jennifer Smiley, U.S. Commodity Futures Trading Commission, 525 W. Monroe St., Ste. 1100, Chicago, IL 60661.

### C. Provisions Related to Monetary Sanctions

28. **Partial Satisfaction:**  Acceptance by the Commission or the Hunter Wise Receiver of any partial payment of Grossman's Restitution Obligation, or by the Commission of Grossman's CMP Obligation, shall not be deemed a waiver of his obligation to make further payments pursuant to this Consent Order, or a waiver of the Commission's right to seek to compel payment of any remaining balance.

### VII. MISCELLANEOUS PROVISIONS

29. All notices required to be given by any provision in this Consent Order shall be filed with the Court and sent by certified mail, return receipt requested, as follows:

    Notice to Plaintiff Commission:

        Director of the Division of Enforcement
        Commodity Futures Trading Commission
        Three Lafayette Centre
        1155 21st Street NW
        Washington, D.C. 20581

    and

        Stephanie Reinhart and Jennifer Smiley
        U.S. Commodity Futures Trading Commission
        525 W. Monroe St., Ste. 1100
        Chicago, IL 60661

    Notice to Defendant Grossman:

        Harris K. Solomon
        Mark A. Levy
        George J. Taylor
        Brinkley Morgan
        200 East Las Olas Blvd., 19th Floor
        Fort Lauderdale, FL 33301

All such notices to the Commission shall reference the name and docket number of this action.

    30.    Change of Address/Phone:  Until such time as Defendant Grossman satisfies in full his Restitution and CMP Obligations as set forth in this Consent Order, Grossman shall provide written notice to the Commission by certified mail of any change to his telephone number and mailing address within ten (10) calendar days of the change.

    31.    Continuing Jurisdiction of this Court:  This Court shall retain jurisdiction of this action to ensure compliance with the Consent Order and for all other purposes related to this action, including any motion by Defendant Grossman to modify or for relief from the terms of this Consent Order.

    32.    Entire Agreement and Amendments:  This Consent Order incorporates all of the terms and conditions of the settlement among the parties hereto to date.  Nothing shall serve to

amend or modify this Consent Order in any respect whatsoever, unless: (a) reduced to writing; (b) signed by all parties hereto; and (c) approved by order of this Court.

33. Invalidation: If any provision of this Consent Order or if the application of any provision or circumstance is held invalid, then the remainder of this Consent Order and the application of the provision to any other person or circumstance shall not be affected by the holding.

34. Waiver: The failure of any party to this Consent Order at any time to require performance of any provision of this Consent Order shall in no manner affect the right of the party at a later time to enforce the same or any other provision of this Consent Order. No waiver in one or more instances of the breach of any provision contained in this Consent Order shall be deemed to be or construed as a further or continuing waiver of such breach or waiver of the breach of any other provision of this Consent Order.

35. Injunctive and Equitable Relief Provisions: The injunctive and equitable relief provisions of this Consent Order shall be binding upon Defendant Grossman, upon any person under his authority or control, and upon any person who receives actual notice of this Consent Order, by personal service, e-mail, facsimile or otherwise insofar as he or she is acting in active concert or participation with Grossman.

36. Counterparts and Facsimile Execution: This Consent Order may be executed in two or more counterparts, all of which shall be considered one and the same agreement and shall become effective when one or more counterparts have been signed by each of the parties hereto and delivered (by facsimile, e-mail, or otherwise) to the other party, it being understood that all parties need not sign the same counterpart. Any counterpart or other signature to this Consent

Order that is delivered by any means shall be deemed for all purposes as constituting good and valid execution and delivery by such party of this Consent Order.

37. Contempt: Defendant Grossman understands that the terms of the Consent Order are enforceable through contempt proceedings, and that, in any such proceedings, he may not challenge the validity of this Consent Order.

38. This Consent Order is effective only upon entry of an order by Judge Donald M. Middlebrooks of the United States District Court for the Southern District of Florida approving the Receiver Settlement. If Judge Middlebrooks refuses to approve the Receiver Settlement, this Consent Order will be vacated upon the request of the CFTC or Grossman within 10 days following the action of Judge Middlebrooks.

There being no just reason for delay, the Clerk of the Court is hereby ordered to enter this Consent Order forthwith and without further notice.

**DONE AND ORDERED** in Fort Lauderdale, Florida this 22nd day of July, 2015.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

CONSENTED TO AND APPROVED BY:

| | |
|---|---|
| _____ | _____ |
| Jay Bruce Grossman, Defendant | Stephanie Reinhart, Esq. |
| 200 East Las Olas Blvd., Suite 1600 | Attorney for Plaintiff |
| Fort Lauderdale, FL 33301 | U.S. Commodity Futures Trading Commission |
| JBG@jbgrossmanpa.com | 525 West Monroe Street, Suite 1100 |
| | Chicago, IL 60661 |
| Dated:_____ | (312) 596-0688 (direct dial) |
| | (312) 596-0714 (facsimile) |
| | sreinhart@cftc.gov |
| Approved as to form: | Dated:_____ |

_____
Harris K. Solomon, Esq.
Attorney for Defendant
Brinkley Morgan
200 East Las Olas Blvd., 19th Floor
Fort Lauderdale, FL 33301
(954) 522-2200 (telephone)
(954) 522-9123 (facsimile)
harris.solomon@brinkleymorgan.com

Dated:_____